Peck, J.
delivered the opinion of the court.
Walton was convicted upon the following charge: That he, with force and arms, did fraudulently and felo-niously offer to pass and transfer to the said James Wilkins, then and there being, a certain other forged paper, he, the said Walton, then and there knowing the same to be forged, which said forged paper is as follows, that is to say:
"Mr. Wilkins, please to let William A. Johnson have a thirty-five dollar watch, and you will please your friend,
Charles Young.”
With intent to defraud the said James Wilkins, contrary *384 to the form of the statute in such case made and pvovi-ded, and against the peace and dignity of the State.
He was confined in the penitentiary, and Mr. Cahal having brought up the record, on motion, obtained a writ of error. The prisoner being brought up, the cause is argued by Mr. Cahal for the prisoner, and Mr. Hays, attorney general, for the State.
By the 40th section of the penal code, forgery is defined to be the fraudulent making or alteration of a writing to the prejudice of another’s right; which is the definition at common law. The act then provides, that “whoever shall be guilty of any forgery, other than that hereinbefore enumerated, shall undergo confinement in the jail and penitentiary house for a period not less than three nor more than fifteen years.”
Section 41. ‘ ‘Whoever shall fraudulently pass or transfer, or offer to pass or transfer, any forged paper, knowing it to be forged, with intent to defraud another, shall undergo confinement,” (as above.)
If this paper was not of the description of papers mentioned in the 41st section, then the offering to pass or passing the paper would not be within the act; for it cannot be insisted that the passing a paper of such a character that it cannot in legal construction be denominated a forgery, is a higher grade of offence than the making of it; and this brings us to the question, was the making this paper a forgery within the act, or at common law?
It purports to be a letter of request, addressed to Mr. Wilkins. The right to the thing requested is not assumed in the note of request; it is addressed to the pleasure of Wilkins, and is not authoritative, nor is it averred that Young had a right to draw an order for the watch. Clinch’s case, 1 Leach, 540.
The order, if it can be so called, not purporting to be made by the owner, or of any one claiming an interest in the watch, or assuming a disposing power, the case is gov- *385 ernedbythe rule laid down in Williams’ case, 1 Leach, 118: Mary Mitchell’s case, Foster 119, and Clinch’s case, 1 Leach, 540.
It is not the terms used in indictments that fix the character of the offence. The reason why the tenor of an instrument should be set out is, that the court may judge of its character, and then apply the law. In common parlance this might be called an order; so it might be called a letter or request. But applying to it legab construction and definition, it is not found to answer the description of the forged paper meant by the act, because on its face it does not purport to come from one assuming the control of the article requested, nor is that fact averred.
It is assumed that the case is governed by a previous law, the act of 1811, ch. 1, sec. 3.
The indictment is predicated on the penal code; it avers that the law became in force by proclamation of the governor, (as the act itself required,) to fix the time from whence its operation should commence. This act defines and points out the different species of forgery. The concluding section of the act repeals all laws within the purview. We do not enquire at present whether it was the intention of the legislature to repeal the acts of 1811, ch. 1, sec. 2 and 3, because that act does not support the present indictment any more than the act of 1829. We consider all the reasons which stand opposed to the sufficiency of the indictment under the act of 1829, apply with equal propriety to the act of 1811.
It is our business to administer the law. Whatever may be the opinion of this court touching the very improper and fraudulent intent of the prisoner, however censurable in a moral point of view he may be, still the conviction is illegal. The judgment must be arrested and the prisoner discharged.
Judgment reversed.